UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| PATRICK S.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:19-cv-176 |
| | ) |
| ANDREW M. SAUL, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on petition for judicial review of the decision of the Commissioner filed by the plaintiff, Patrick S., on May 10, 2019. For the following reasons, the decision of the Commissioner is **REMANDED.**

*Background*

The plaintiff, Patrick S., filed an application for Disability Insurance Benefits on December 10, 2015, alleging a disability onset date of February 6, 2015. (Tr. 15). The Disability Determination Bureau denied Patrick S.'s application initially on February 29, 2016, and again upon reconsideration on July 18, 2016. (Tr. 15). Patrick S. subsequently filed a timely request for a hearing on September 15, 2016. (Tr. 15). A hearing was held on January 22, 2018, before Administrative Law Judge (ALJ) Jeanette Schrand, and the ALJ issued an unfavorable decision on March 23, 2018. (Tr. 15-24). Vocational Expert (VE) Joseph Thompson appeared and testified at the hearing. (Tr. 15). The Appeals Council denied review making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3).

Patrick S. met the insured status requirements of the Social Security Act through

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

September 30, 2021. (Tr. 17). At step one of the five-step sequential analysis for determining whether an individual is disabled, the ALJ found that Patrick S. had not engaged in substantial gainful activity since February 6, 2015, the alleged onset date. (Tr. 17).

At step two, the ALJ determined that Patrick S. had the following severe impairments: the late effects of a right lower extremity amputation (fitted/using prothesis) and an obese body habitus. (Tr. 18). The ALJ found that Patrick S.'s severe impairments imposed more than a minimal limitation on his physical or mental ability to engage in basic work activities. (Tr. 18). The ALJ indicated that Patrick S. had the following non-severe impairments: diabetes mellitus, hypertension, and left vision loss. (Tr. 18). The ALJ determined that Patrick S.'s non-severe impairments did not significantly limit his ability to perform basic work-related activities. (Tr. 18).

At step three, the ALJ concluded that Patrick S. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. 18). The ALJ indicated that she considered listing 1.00(B)(2)(b), as well as the exacerbating impact of Patrick S.'s obesity in determining whether his impairments met or medically equaled a listing. (Tr. 19).

After consideration of the entire record, the ALJ then assessed Patrick S.'s residual functional capacity (RFC) as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the claimant can never operate foot controls with the right lower extremity. The claimant can occasionally climb ramps and stairs, balance, and stoop, but he cannot kneel, crouch, crawl, or climb ladders, ropes, or scaffolds. The claimant must avoid all exposure to wetness, slippery uneven surfaces, extreme temperatures, and unprotected heights and/or dangerous moving machinery. Secondary to his non-severe left visual impairment, the claimant can never operate a motor vehicle at night; moreover the claimant can never perform

2

> work that requires precise depth perception, binocular vision, or peripheral vision on the left. Lastly, he cannot read small print type instructions (defined as 10 point type or less), but he can use computers and/or other machinery that permit the user to enlarge text.

(Tr. 19). The ALJ explained that in considering Patrick S.'s symptoms she followed a two-step process. (Tr. 19). First, she determined whether there was an underlying medically determinable physical or mental impairment that was shown by a medically acceptable clinical or laboratory diagnostic technique that reasonably could be expected to produce Patrick S.'s pain or other symptoms. (Tr. 19). Then she evaluated the intensity, persistence, and limiting effects of the symptoms to determine the extent to which they limited Patrick S.'s functioning. (Tr. 19).

After considering the evidence, the ALJ found that Patrick S.'s medically determinable impairments reasonably could be expected to produce his alleged symptoms. (Tr. 20). However, she concluded that his statements concerning the intensity, persistence, and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. (Tr. 20). The ALJ noted that Patrick S.'s allegations of symptoms consistent with his right lower extremity disorder were not accepted as alleged because they were not consistent with the objective medical evidence. (Tr. 20).

At step four, the ALJ determined that Patrick S. was unable to perform any past relevant work. (Tr. 22). Considering Patrick S.'s age, education, work experience, and RFC, the ALJ concluded that there were jobs in the national economy that he could perform, including folder (60,000 jobs nationally), packer (60,000 jobs nationally), and assembler (150,000 jobs nationally). (Tr. 23). The ALJ found that Patrick S. had not been under a disability, as defined in the Social Security Act, from February 6, 2015, through the date of the ALJ's decision, March 23, 2018. (Tr. 23-24).

*Discussion*

The standard for judicial review of an ALJ's finding that a claimant is not disabled within the meaning of the Social Security Act is limited to a determination of whether those findings are supported by substantial evidence. **42 U.S.C. § 405(g)** ("The findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive."); *Moore v. Colvin*, 743 F.3d 1118, 1120–21 (7th Cir. 2014); *Bates v. Colvin*, 736 F.3d 1093, 1097 (7th Cir. 2013) ("We will uphold the Commissioner's final decision if the ALJ applied the correct legal standards and supported her decision with substantial evidence."). Courts have defined substantial evidence as "such relevant evidence as a reasonable mind might accept to support such a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 852 (1972) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229, 59 S. Ct. 206, 217, 83 L. Ed. 2d 140 (1938)); *see Bates*, 736 F.3d at 1098. A court must affirm an ALJ's decision if the ALJ supported her findings with substantial evidence and if there have been no errors of law. *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013) (citations omitted). However, "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003).

Disability insurance benefits are available only to those individuals who can establish "disability" under the terms of the Social Security Act. The claimant must show that he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." **42 U.S.C. § 423(d)(1)(A)**. The Social Security regulations enumerate the five-step sequential evaluation to be followed when determining whether a claimant has met the burden of establishing disability. **20 C.F.R. §**

**404.1520**.  The ALJ first considers whether the claimant is presently employed and "doing . . . substantial gainful activity." **20 C.F.R. § 404.1520(b)**.  If he is, the claimant is not disabled and the evaluation process is over.  If he is not, the ALJ next addresses whether the claimant has a severe impairment or combination of impairments that "significantly limits . . . physical or mental ability to do basic work activities." **20 C.F.R. § 404.1520(c)**; *see Williams v. Colvin*, 757 F.3d 610, 613 (7th Cir. 2014) (discussing that the ALJ must consider the combined effects of the claimant's impairments).  Third, the ALJ determines whether that severe impairment meets any of the impairments listed in the regulations.  **20 C.F.R. § 401, pt. 404, subpt. P, app. 1**.  If it does, then the impairment is acknowledged by the Commissioner to be conclusively disabling. However, if the impairment does not so limit the claimant's remaining capabilities, the ALJ reviews the claimant's "residual functional capacity" and the physical and mental demands of his past work.  If, at this fourth step, the claimant can perform his past relevant work, he will be found not disabled.  **20 C.F.R. § 404.1520(e)**.  However, if the claimant shows that his impairment is so severe that he is unable to engage in his past relevant work, then the burden of proof shifts to the Commissioner to establish that the claimant, in light of his age, education, job experience, and functional capacity to work, is capable of performing other work and that such work exists in the national economy.  **42 U.S.C. § 423(d)(2); 20 C.F.R. § 404.1520(f);** *see Biestek v. Berryhill,* 139 S. Ct. 1148, 203 L. Ed. 2d 504 (2019) (upon the disability benefits applicant's request, vocational expert's refusal to provide the private market-survey data underlying his opinion regarding job availability does not categorically preclude the expert's testimony from counting as "substantial evidence" but, instead, the inquiry is case-by-case).

Patrick S. has requested that the court reverse the ALJ's decision and award benefits, or in the alternative, remand this matter for additional proceedings.  In his appeal, Patrick S. has

argued that the ALJ failed to support her step five finding with substantial evidence.

A claimant seeking disability insurance benefits bears the burden of proof at steps one through four of the ALJ's sequential five-part inquiry. The burden then shifts to the Commissioner at step five. ***Briscoe ex rel. Taylor v. Barnhart***, 425 F.3d 345, 352 (7th Cir. 2005). At this final step, the Commissioner must establish that the claimant's RFC allows him to engage in work found in significant numbers in the national economy. ***Liskowitz v. Astrue***, 559 F.3d 736, 742-43 (7th Cir. 2009); **20 C.F.R. §§ 404.1520(f), 404.1566.** One way the Commissioner may carry this burden is through the use of vocational expert testimony, provided that such testimony is reliable. *See **Liskowitz***, 559 F.3d at 743.

At the administrative hearing, the ALJ asked the VE to assume a hypothetical individual of the same age, education, and work experience as Patrick S. (Tr. 88). The ALJ then asked the VE to assume that the individual is limited to a light exertional level as defined in the regulations with the following additional limitations:

> No right lower leg extremity foot controls; only occasional ramps and stairs; never ladders, ropes, or scaffolds; and only occasional balancing, stooping, kneeling, crouching, and crawling. With respect to vision limitations, never performing work that requires precise depth perception; never performing work that requires binocular vision; and never performing work that requires peripheral vision on the left side; never exposed to wetness; never exposed to unprotected heights or moving mechanical parts; never exposed to slick or uneven surfaces; and never required to operate a motor vehicle at night as part of the job.

(Tr. 88). The ALJ modified the hypothetical as follows:

> Never kneeling, crouching, or crawling; never exposed to extreme cold; never exposed to extreme heat. And add that the hypothetical person cannot read small-type print instructions, defined as 10-point type, but can use computers or other machinery that permits the use of larger or enlarged text.

(Tr. 90). In response to the hypothetical question, which is consistent with the limitations in the

RFC finding, the VE testified that such an individual could perform occupations such as folder, packer, and assembler. (Tr. 89-90). The ALJ relied on this testimony in finding that there were jobs that existed in the national economy that Patrick S. could perform. (Tr. 22-23).

Patrick S.'s attorney, Brian Marlowe, then proceeded to question the VE. Attorney Marlowe asked the VE whether a person would be able to perform the jobs of folder, packer, and assembler if that person could be on his feet for only two-thirds of the eight-hour day. (Tr. 96). The VE responded,

> While the [*Dictionary of Occupational Titles*] defines light work as standing up to six hours, generally the light positions -- and this would be based on my experience -- that the person would be -- other than a sit-stand aspect for light positions -- generally would be required to stand much longer than the six-hour time frame, and I believe that if they were not able to do so, that would eliminate those positions.

(Tr. 96). Patrick S. has argued that the ALJ failed to rely on substantial evidence in finding that he could perform the jobs found at step five of the sequential evaluation process.

At the hearing, the ALJ's hypothetical to the VE encompassed all of the limitations of the ALJ's assessment of Patrick S.'s RFC, including limiting him to light exertional level defined by the ALJ as "stand and/or walk for up to 6 hours in an 8 hour work period." (Tr. 19, 88). Based on the hypothetical, the VE testified that Patrick S. could perform the jobs of folder, packer, and assembler. (Tr. 89-90). Further, when the ALJ asked the VE if his testimony was consistent with the DOT, the VE replied affirmatively. (Tr. 94).

However, on cross-examination the VE testified that while the DOT defines light work as standing up to six hours, based on his experience, persons performing light positions "generally would be required to stand much longer than the six-hour time frame," and that he believed "if they were not able to do so, that would eliminate those positions." (Tr. 96). Patrick S. contends

7

that based on the VE's testimony a limitation to standing and/or walking of only 6 out of 8 hours would not allow for the performance of the jobs the ALJ found he was capable of performing.

The Commissioner claims that the VE clearly believed that the specific jobs he identified did not require standing more than six hours per day. However, Patrick S. is "entitled to a decision based on the record rather than on a hunch." ***Wilder v. Chater***, 64 F.3d 335, 338 (7th Cir. 1995). The VE's initial testimony and his testimony on cross examination were inconsistent. Therefore, it was unclear whether Patrick S. could perform the jobs of folder, packer, and assembler. Furthermore, the ALJ elicited no other jobs that considered the limitation to standing 6 hours in an 8-hour workday.

Before relying on a VE's opinion, the ALJ must elicit straightforward testimony that the claimant could perform work existing in significant numbers in the national economy despite his limitations. ***Briscoe ex rel. Taylor v. Barnhart***, 425 F.3d 345, 352 (7th Cir. 2005) ("The claimant bears the burden of proof at steps one through four, after which at step five the burden shifts to the Commissioner."). The ALJ did not do so here. The ALJ did not ask the VE about the inconsistencies between his initial testimony and his testimony on cross examination. Moreover, the ALJ did not resolve these inconsistencies in her decision. "A finding based on unreliable VE testimony is equivalent to a finding that is not supported by substantial evidence and must be vacated." ***Overman v. Astrue***, 546 F.3d 456, 464 (7th Cir. 2008) (quoting ***Britton v. Astrue***, 521 F.3d 799, 803 (7th Cir. 2008)). Accordingly, remand is required.

Patrick S. has requested that the court remand for an award of benefits. An award of benefits is appropriate "only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." ***Allord v. Astrue***, 631 F.3d 411, 415 (7th Cir. 2011). The Seventh

8

Circuit has held that when an ALJ's decision is not supported by substantial evidence, the appropriate remedy is to remand for further proceedings unless the evidence before the court compels an award of benefits.  ***Briscoe v. Barnhart***, 425 F.3d 345, 355 (7th Cir. 2005).  The record here does not warrant an award of benefits.

Based on the foregoing reasons, the decision of the Commissioner is **REMANDED** for further proceedings consistent with this order.

ENTERED this 15th day of May, 2020.

/s/ Andrew P. Rodovich
United States Magistrate Judge